

U.S. Department of Justice

United States Attorney

District of Columbia

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

**August 30, 2006**

**FILED**
**SEP 0 5 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Mary Petras, Esq**
**Federal Public Defender Service**

       Re:   United States v. **Howard Poole**
               Criminal Number **06-190m**

06cr137

Dear Ms. Petras:

      This letter sets forth the full and complete plea offer to your client, Howard Poole, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

      1. Your client, Howard Poole, agrees to admit his guilt and enter a plea of guilty to the sole count in the criminal indictment. This count will charge defendant with unlawfully possessing a firearm and ammunition after being convicted of a crime punishable by imprisonment for a term exceeding one year, which is a violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony, as set forth in 18 U.S.C. § 3559(a)(3). Under 18 U.S.C. § 924(a)(2), the maximum penalties for this offense are:

(A) A term in prison of not more than ten years;
(B) A fine of not more than $250,000, (18 U.S.C. 3571(b)(3));
(C) A term of supervised release -- after any time in prison -- of not more than three years (18 U.S.C. 3583(b)(2)); and,
(D) A special assessment of $100, (18 U.S.C. § 3013(a)(2)(A)).

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

Additionally, U.S. Sentencing Commission Guidelines Manual ("U.S.S.G.") § 5E1.2 permits the Court to impose a fine that is enough to pay the costs of defendant Poole's incarceration and supervised release or other form of court-imposed supervision ordered as part of this sentence.

**Factual Proffer and Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense, as a written proffer of evidence.

**Acceptance of Responsibility: 3-point reduction:** Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Appeal Waiver

Your client is aware that federal law, specifically 18 U.S.C. §3742, affords your client the right to appeal the sentence in this sentence. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. §3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a). Further, your client reserves the right to make a collateral attack upon your

client's sentence pursuant to 28 U.S.C. §2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### Release/Detention

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: Abby J. Stavitsky
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Mary Petras, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 9-5-06

Howard Poole
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9-5-06

Mary Petras, Esquire
Attorney for the Defendant

**Statement of the Offense**

On May 2, 2006, at approximately 12:20 am, in the 100 block of Massachusetts Ave. NW MPD officers saw the defendant commit several moving traffic violations while riding his bicycle. The officers asked the defendant to stop and he quickly pedaled away. An officer pursued the defendant in his scout car with lights and sirens activated. The defendant then hit a curb on a median in the street and fell off the bicycle. The defendant got up and ran down the street toward a building. The defendant stopped underneath the overhang of the building and officers saw the defendant pull what later turned out to be a S&W .38 caliber revolver from his waistband and place it on the ground next to a column that supported the overhang. The defendant then ran and was stopped by the police a short distance from the gun. The gun was loaded with six rounds of .38 caliber ammunition. At the time of his arrest, defendant was on parole for a 2004 felony conviction for distribution of cocaine in the District of Columbia.

This Statement of the Offense is a true and accurate account of the facts and circumstances that led to my arrest on May 2, 2006.

_____   9-5-06
Howard Poole